UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

FILED VIA MAIL

MAR 11 2015

CLERK, U.S. [BANKRUPTC]Y COURT
MIDDLE DIST[RICT] OF FLORIDA
TAMPA DIVISION

IN RE:

STEVEN J. TENNY,

    Debtor,

Bankruptcy Case No. 9:14-bk-06478-CPM

SUMMIT BUILDING RESTAURANT, LLC,

    Plaintiff,

v.

Adversary Proceeding No. 8:14-ap-00794-CPM

STEVEN J. TENNY,

    Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ADVERSARY COMPLAINT

Comes Now, Defendant Steven J. Tenny, appearing pro se, and hereby files and serves his Answer and Affirmative Defenses to the Plaintiff's Adversary Complaint and in response to the individually numbered paragraphs contained therein states as follows:

1. Admitted for jurisdictional purposes, otherwise denied.

2. Admitted for jurisdictional purposes, otherwise denied.

3. Admitted for jurisdictional purposes, otherwise denied.

4. Admitted for jurisdictional purposes, otherwise denied.

5. Denied. Plaintiff is a dissolved Florida Limited Liability Company and does not have a place of business.

6. Admitted that Defendant is a resident of Hillsborough County, otherwise denied.

7. Denied. Defendant has never been employed by Mr. Fisher or by any entity owned by Mr. Fisher.

1

8. Denied. Defendant was never employed by Mr. Fisher or by any entity owned by Mr. Fisher.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Plaintiff filed a civil action in Pinellas County Circuit Court, otherwise denied. Defendant employed counsel to defend such action and a default judgment was ultimately entered without knowledge or understanding by this Defendant as counsel was suspended by the Florida Bar and ultimately disbarred. Defendant vehemently denied the frivolous action filed by the Plaintiff and was unaware of the case disposition due to problems associated with his representation.

19. Denied. Defendant did not admit to any allegations in the frivolous action filed in State Court. Moreover, any judgments entered in Court were improper as they were without knowledge to the Defendant.

20. Denied. Specifically, Defendant was without knowledge as to whether any hearing was held. Moreover, the damages claimed by the Plaintiff are unsubstantiated and represent a fraud upon the Court by the Plaintiff. Further, any hearing held in a civil

action before a State Court are irrelevant to this proceeding, especially since Defendant was not present or represented at such hearing.

21. Without knowledge as to what transpired in the State Court proceeding after Defendant's counsel' suspension and ultimate disbarment, and therefore the allegations asserted herein are denied. Defendant recognizes the document attached to the Complaint as apparently representing a Final Judgment from a State Court action, however Defendant denies any such damages and further states that said Judgment was entered improperly.

22. Without knowledge and therefore denied. Defendant specifically states that he is not and never was indebted to the Plaintiff or Mr. Fisher for the damages claimed and that said claim for damages is without merit and represents a fraud by the Mr. Fisher through the guise of the Plaintiff both upon the State Court and this Honorable Bankruptcy Court.

23. Denied. Defendant is not indebted to the Plaintiff. Defendant recognizes that a Judgment was improperly entered, and states that any award for damages contained therein is not a finding representative of the facts containing this Defendant and the Plaintiff.

24. Defendant restates and reasserts his responses to the paragraphs re-alleged by the Plaintiff.

25. Denied.

26. Defendant restates and reasserts his responses to the paragraphs re-alleged by the Plaintiff.

27. Denied.

## AFFIRMATIVE DEFENSES

28. As his First Affirmative Defense, Defendant states that Plaintiff's Adversary Complaint should be barred as the same is based upon a fraud committed by Mr. Fisher through the guise of the Plaintiff as the Defendant was never employed by Mr. Fisher or his company. Specifically, Plaintiff operated a title company during the relevant time period and was a tenant in the building known as Summit Executive Center located at 13575 58th Street North, Clearwater, FL 33760. The Acropolis restaurant was also a tenant in the same property and was operated by the Summit Building Restaurant, LLC. Defendant purchased the business known as Summit Building Restaurant, LLC pursuant to the terms of a Purchase and Sale of Business Agreement between himself and Mr. Jacob Fisher. The purchase of the restaurant was an investment by Defendant and Defendant delivered $25,000.00 in certified funds to Mr. Jacob Fisher for the purchase of the restaurant and the corporation which owned and operated the same. Fisher accepted said payment and Defendant took control of the company known as Summit Building Restaurant, LLC. Defendant never worked for Mr. Fisher or any company owned or operated by Mr. Fisher. This proceeding represents a fraud by Mr. Fisher to collect monies to which he is not entitled and therefore this action should be barred and all appropriate sanctions should be issued against persons responsible for pursuing this frivolous proceeding.

29. As his Second Affirmative Defense, Defendant states that Plaintiff's Adversary Complaint should be denied as the same is being pursued by a person without authority to act on behalf of the Summit Building Restaurant, LLC. Mr. Jacob Fisher,

through his counsel, filed this action on behalf of the Summit Building Restaurant, LLC despite the fact that the entity is not under the control of the either of the above individuals since the Defendant purchased the same in the latter part of 2009 and was in fact the owner of the business which ran the Acropolis Restaurant within the Summit Executive Center.

30. As his Third Affirmative Defense, Defendant states that the Plaintiff's Adversary Complaint should be denied pursuant to the legal doctrine of estoppel as the Plaintiff is a dissolved Florida limited liability company and the Defendant owned the rights, title and interest in the same at the time of its dissolution.

Respectfully submitted,

_____
Steven J. Tenny
5901 Hammock Woods Drive
Odessa, FL 33556

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was filed with the Clerk of Court for the US Bankruptcy Court, Middle District of Florida and served via regular US Mail to counsel for the Plaintiff, Mr. Patrick Cremeens, Esq on this 9 day of March 2015.

_____
Steven J. Tenny



S. Tenny
5101 Hammock Woods Dr.
Odessa, Fl. 35556

United States Bankruptcy Court
Middle District of Florida
601 North Florida Ave. # 555
Tampa, Fl. 33602

TAMPA FL 335
SAINT PETERSBURG FL
09 MAR 2015 PM 3 L